PEOPLE *v.* BENMORE.

APPEAL OF GUY.

1. BAIL—PURPOSE OF BOND.
   The sole purpose of a bail bond is to insure the appearance of the accused and is not designed to enrich the public treasury materially.

2. ABATEMENT AND REVIVAL—DEATH OF SURETY—FORFEITURE.
   A surety's obligation on a bail bond is a continuing one and survives and binds his estate after his death; and forfeiture may be had as though the surety were alive.

3. BAIL—MEASURE OF RECOVERY.
   The measure of recovery on a recognizance of bail is the whole amount of the obligation without reference to the merits.

4. SAME—FORFEITURE—EVIDENCE—NONAPPEARANCE OF ACCUSED.
   No formal order or proceeding is necessary to evidence the forfeiture of a bail bond, a minute by the court on the files, stating the nonappearance of the accused and forfeiture of his recognizance, being sufficient evidence of the default.

5. SAME—FORFEITURE—ILLNESS OF SURETY.
   The fact that the surety on a bail bond is seriously ill and therefore unable to take steps for the appearance of the principal is no excuse or defense against forfeiture thereunder.

---

Effect of principal's subsequent appearance upon liability of surety on bail bond theretofore forfeited, see Restatement, Security, § 204, comment on subsection (2); § 209.

6. SAME—CASH BOND—FORFEITURE.

Money deposited in lieu of bail with an officer or judge is held in trust by such person for the State and on default for noncompliance with the conditions to secure the fulfillment of which the deposit was made becomes forfeited and when so forfeited is considered and treated as money recovered in a suit on a recognizance.

7. SAME—FORFEITURE—JUDGMENT—STATUTES.

Statutes relative to procedure for entering judgment upon a bail bond are not applicable to situation where money has been deposited in court in lieu of bail bond; hence, are not discussed where sole issue is as to right of court to forfeit the bond (3 Comp. Laws 1929, §§ 16303, 17190).

8. SAME—FORFEITURE—REINSTATEMENT OF CASH BOND—DISCRETION OF COURT.

The matter of setting aside the forfeiture of a deposit of money made in court in lieu of a bail bond and the reinstatement of the deposit is a matter wholly within the discretion of the court as is the matter of remission of the bail in whole or in part.

9. SAME—FORFEITURE—SYMPATHY—EFFICIENT ADMINISTRATION OF JUSTICE.

In the consideration given by a court to the matter of forfeiting bail for nonappearance of principal, mere sympathy for the surety or his heirs is not the determinate factor, a paramount consideration being the efficient administration of criminal justice.

10. SAME—DISCRETION OF COURT—FORFEITURE—REINSTATEMENT OF CASH BOND.

There was no abuse of discretion on the part of a court in denying motion of administrator of estate of deceased surety, who had deposited $5,000 in lieu of a bail bond, to return the forfeited money to the estate of the surety who had died prior to the time the principal's case was set for trial where the principal fled the State and after apprehension was brought back, pleaded guilty, and was then imprisoned.

Appeal from Recorder's Court of Detroit; Scallen (John P.), J. Submitted June 12, 1941. (Docket No. 50, Calendar No. 41,621.) Decided September 2, 1941.

Frank Benmore was charged with the commission of a crime. On failure of defendant to appear for trial, bail was forfeited. Motion of Ralph B. Guy, administrator of the estate of Robert Deptla, deceased surety, to return the bail money denied. Administrator appeals. Affirmed.

*Edward N. Barnard,* for appellant.

*Herbert J. Rushton,* Attorney General, *William E. Dowling,* Wayne Prosecuting Attorney, and *Ralph E. Helper,* Assistant Prosecuting Attorney, for the people.

CHANDLER, J. This case involves the disposition of a cash bond deposited in the recorder's court for the city of Detroit for the release on bail of one Frank Benmore charged in that court with the commission of a crime. On failure of defendant to appear for trial, the bail was forfeited to the county of Wayne.

The administrator of the estate of the deceased surety moved the recorder's court for the return of the cash bail to the surety. The motion was denied and this appeal follows.

Inasmuch as the only question involved is as to whether or not there was an abuse of discretion on the part of the trial judge in the denial of the motion, we choose to quote in full the findings and conclusions of the court in the determination of said motion:

"In the instant case, a cash bond in the sum of $5,000 was deposited by one Robert Deptla as bail for Frank Benmore. The case was set for trial on December 20, 1937. Prior thereto, however, and on or about December 14, 1937, the surety, Robert Deptla, died. The trial of Frank Benmore was ad-

journed from December 20, 1937, to January 6, 1938, and thereafter to January 10, 1938. Benmore failed to appear for trial, but instead departed from the State of Michigan. He was afterward apprehended, brought back to Michigan, pleaded guilty and imprisoned.

"On January 11, 1938, upon the failure of Benmore to appear for trial, the bond was ordered forfeited and *capias ad respondendum* issued for his arrest. On or about January 20, 1938, Ralph B. Guy, an attorney, was appointed administrator of the deceased surety, Robert Deptla, and moved for the reinstatement of the bond and release of the cash deposit. The motion was heard and submitted on January 31, 1938, and was denied by the court on February 1, 1938.

"A motion for reconsideration was filed on February 14, 1938, on behalf of the administrator and permission was requested to file briefs, which were received and filed on behalf of the administrator on February 18, 1938, and on behalf of the prosecuting attorney on March 21, 1938, and decision on the motion is now pending.

"The contention of the prosecuting attorney that this issue is now *res judicata* by reason of the order of this court on February 1, 1938, is hardly tenable, inasmuch as the present issue arises upon a motion for reconsideration of that very order. Consequently, the pending motion should be considered and disposed of upon its merits.

"Granting, it may be true, as contended by the administrator, that since the surety, Robert Deptla, died prior to the date for which the hearing of the accused was originally set, no blame should attach to him or his estate for the failure of the accused to appear for trial. On the other hand, the accused, having originally been in custody, would not have been released but for the posting of the said bond in this cause. The sole purpose of the posting of this security was to insure the appearance of the accused.

"6 C. J., pp. 1033, 1034, and as stated in 6 C. J. pp. 1040, 1041:

" 'A surety's obligation on a bail bond is a continuing one and survives and binds his estate after his death; and forfeiture may be had as though the surety were alive.'

" 'The measure of recovery on a recognizance of bail is the whole amount of the obligation without reference to the merits.' (*Courtright* v. *Attorney General* [syllabus], 43 Mich. 411).

"No formal order or proceeding is necessary to evidence the forfeiture: Minute by justice on the files, stating the nonappearance of accused and forfeiture of his recognizance, is sufficient evidence of his default. (*People* v. *Gordon*, 39 Mich. 259).

"The fact that the surety was seriously ill and therefore unable to take steps for the appearance of the principal is no excuse or defense. *People* v. *Meehan*, 14 Daly (N. Y.), 333 (13 N. Y. St. 152).

"Where money has been deposited in lieu of bail, the rule is stated, in 6 C. J. p. 1024, as follows:

" 'Money deposited in lieu of bail with an officer or judge is said to be held in trust by such person for the commonwealth, and on default for noncompliance with the conditions to secure the fulfillment of which the deposit was made it becomes forfeited, and when so forfeited it is considered and treated as though it was money recovered in a suit on a recognizance.' * * *

"In the briefs filed by both sides herein, there is discussion of 3 Comp. Laws 1929, §§ 16303, 17190 (Stat. Ann. §§ 27.3564, 28.915). In considering these statutory provisions, however, the distinction should be kept clearly in mind between the right of the court to forfeit the bond, and proceedings to enter a judgment upon the bond.

"The provisions of these two sections of the statutes, which are discussed and argued by counsel for the administrator relative to the procedure for entering judgment upon the bond, raise an issue which is not before the court at this time.

"As the record in the case now stands, the bond was simply ordered forfeited, and a *capias ad respondendum* issued for his arrest, the administrator of the estate of the surety moved to set aside the forfeiture, and is now moving for reconsideration of the denial of that motion. Accordingly, the only question before the court at this time was the propriety of the forfeiture of the bail and the correctness of the order denying the application to set aside such forfeiture. The forfeiture of the bail on January 11, 1938, was clearly within the power of the court. (See authorities quoted above.)

"The refusal to set aside the forfeiture and reinstate the bond is a matter wholly within the discretion of the court. It is, of course, within the power of the court to remit the bail in whole or in part. (See 3 Comp. Laws 1929, § 15173 [Stat. Ann. § 27.2218].) Whether the facts in this case justify such remission, either in whole or in part, is not a matter of law but a matter of sound judicial discretion. It is for the court to consider whether the death of the surety, before the date of trial of the principal, excuses the failure to produce the principal, or whether, on the other hand, the fact that the principal would not have been released but for the posting of this said bail, and the fact that the accused fled the State and was involuntarily apprehended, arrested under the *capias* issued by this court, and brought back to Michigan for trial, should control.

"The contention of counsel for the administrator as set forth in his brief:

"'If this money be forfeited to the county, the county will be enriched virtually without any consideration at all and the heirs of the deceased surety will suffer accordingly, notwithstanding neither they nor the surety himself were in any wise to blame for the forfeiture of the bond,' is an appeal that seems to be covered completely in the language employed in the case of *People* v. *Spear,* 1 N. Y. Cr. 538, that

forfeiture should not be remitted out of sympathy for the misfortune of the surety or because of the petition of many leading citizens, which alleges no fact to guide the action of the court except their sympathy for the unfortunate surety.

"The court is constrained to say that while sympathy has its proper place, the facts in the instant case must also be viewed in the light of public policy. Mere sympathy is not the determinate factor in moving the court's discretion. Where a matter is discretionary with a court, such discretion should not be invoked arbitrarily, but must be founded upon good sense and reason.

"In contradistinction to the plea of sympathy that the counsel for the administrator attempts to invoke, it may be observed, for the general efficient administration of criminal justice, that it is generally conceded, that while the indigent and friendless person cannot procure bail, a seasoned and dangerous professional criminal obtains ample finances to buy his release.

"His release thus, on bail, gives him a fine encouragement to perpetrate additional crimes to repay the indebtedness he owes to those who aided him.

"The court is not unmindful of the generally recognized thought that a bail bond is not a penalty to be used to materially enrich the public treasury, but rather an assurance of the appearance of the accused at time of trial.

"Parenthetically, it may be said at this time, that the court should not withhold from the public treasury this cash bail of $5,000 merely because petitioned so to do, without any plausible legal reason.

"The court finds that a good and sufficient showing has not been made to this court for the relief sought and the claimed discretion, which concededly rests with the court, should not be moved, especially since due administration of justice and respect for law and authority demands that some efficient ma-

chinery must insure the appearance of offenders of the law, who by grace of statute have gained temporary freedom upon terms imposed thereunder.

"The court, after listening attentively to the arguments of counsel, and after having carefully examined the briefs submitted and the legal authorities cited therein, and after an independent research of legal authorities, and after a full consideration of all the facts and circumstances involved, is thoroughly convinced that it would be an abuse of discretion to set aside forfeiture and return cash bond of $5,000 in this case.

"The court must therefore deny the motion."

We find no abuse of discretion on the part of the court in denying the motion of appellant, and the order denying said motion is hereby affirmed.

SHARPE, C. J., and BUSHNELL, BOYLES, NORTH, STARR, WIEST, and BUTZEL, JJ., concurred.