PEOPLE *v.* HEFLIN.

APPEAL OF MICHIGAN SURETY COMPANY.

1. RECOGNIZANCES—EXTENT OF LIABILITY—DISCRETION OF COURT.
Trial judge who forfeited full amount of bail bond for non-appearance of accused at time of opening day of court and at time of trial did not abuse discretion in not limiting amount of judgment to amount of out-of-pocket loss suffered by county on account of accused's failure of timely appearance for trial (CL 1948, § 765.28).

2. SAME—DISQUALIFICATION OF JUDGE.
Judge before whom person accused of crime failed to make timely appearance was not disqualified from conducting proceedings relative to forfeiture of the bond, especially where it shows various means were used in attempting to apply pressure on the judge in favor of relief from the recognizance (CL 1948, § 765.28).

Appeal from Lenawee; Martin (Rex B.), J.  Submitted June 4, 1959.  (Docket No. 33, Calendar No. 47,760.)  Decided July 14, 1959.

Andrew Heflin did not appear at time set for his criminal trial and his bond was forfeited. On order to show cause, judgment was entered against Michigan Surety Company, from which it appeals.  Affirmed.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, and *Kenneth B. Glaser, Jr.,* Prosecuting Attorney, for the people.

*Williams & Williams (Lewis R. Williams, Jr.,* of counsel), for defendant surety company.

REFERENCES FOR POINTS IN HEADNOTES
[1] 6 Am Jur, Bail and Recognizance § 221.

One Andrew Heflin, formerly of Chicago, was charged in Lenawee county "with the crime of carrying a concealed weapon contrary to the statutes in such case made and provided." He was released pending trial upon filing of a statutory recognizance. The recognizance was executed by appellant Michigan Surety Company in the penal sum of $1,000.

Trial counsel for Heflin was appointed by the court. Heflin did not appear at the opening of the term as conditioned by the bond. The following record was made January 13, 1958, on the occasion:

"Court being in session, The people being represented by Mr. Kenneth B. Glaser, Jr., prosecuting attorney, the respondent not present in court, but represented by his counsel, Mr. James C. Beardsley, the case was called at the opening of the January term of court, as follows:

"*The Court:* People vs. Andrew Heflin. Mr. Beardsley, is your client here?

"*Mr. Beardsley:* He is not here, Your Honor, not entirely his fault. I have a very uncertain address where he is concerned. He may not have received my letter in time. I assume he will be here by the trial date.

"*The Court:* Are we going to try that matter or aren't we?

"*Mr. Beardsley:* I assume so, yes.

"*The Court:* Set that down for the 28th then."

Moved to action by the foregoing, defense counsel wrote Heflin January 13th as follows:

"Since speaking to you I have learned that your case is set for Tuesday, 28 January at 9 a. m. Please plan to call upon me at my office not later than the afternoon of 27 January."

The letter was sent by registered mail. It was received by Heflin in Chicago on January 16th.

The case was called up for trial at the opening of court, January 28th. The jury panel was present. So were the people's witnesses. Heflin was not on hand. After some colloquy between the trial judge and defense counsel, the trial judge formally ordered that Heflin's bail be forfeited and that a bench warrant for Heflin's rearrest should be issued forthwith.

About noon the same day Heflin appeared at the Lenawee county courthouse, insisting that the delay of his appearance before the court was due to his missing a bus the night before. Heflin then was arrested. Five days later he entered a plea of guilty as charged. Sentence followed later. So much for Mr. Heflin.

February 13, 1958, on petition of the prosecuting attorney, the trial judge (Hon. Rex B. Martin of the 39th circuit) issued an order directing appellant's appearance before the court to show cause why judgment should not enter against it in the amount of the statutory recognizance, pursuant to CL 1948, § 765.28 (Stat Ann 1954 Rev § 28.915). Appellant thereupon petitioned the court "for an outside judge," which petition was denied. Judgment against appellant followed, under the mentioned statute. From such judgment the named surety has taken this appeal.

BLACK, J. (*after stating facts*). Two allegations of error are presented. The first is that Judge Martin was guilty of an abuse of discretion in refusing to grant appellant's motion for limitation of judgment to the sum of $126.06, which sum represents appellant's proven calculation of the out-of-pocket loss suffered by Lenawee county on account of Heflin's failure of timely appearance for trial. The second is that Judge Martin should have disqualified himself with respect to proceedings under the above statute.

As in *People* v. *Benmore,* 298 Mich 701, we find
no evidence of an abuse of discretion in this record.
Appellant became responsible for Heflin's timely
appearance and agreed to pay in default thereof.
Heflin did not appear on time.  His excuse is not
very convincing considering the delay of start, from
Chicago for Adrian, until late in the evening pre-
vious to the morning of trial.  More might be
said of the excuse, including the round-about route
selected for travel (Chicago to Toledo to Adrian),
but we think it quite unnecessary.

The second point—that Judge Martin should have
disqualified himself—borders on the frivolous.  That
the judge was exercised is evident; also understand-
able.  The record shows that appellant, by various
means, attempted to apply pressure on the judge
in favor of relief from the recognizance.  The judge
indignantly rejected such effort.  Far from criticiz-
ing his action in such regard, we are led to com-
mendation thereof.  He said, among other things,
leading up to his decision:

"In addition to that the court got some other calls
from other persons, one call from a Democratic
State senator in Detroit who had been called by
the bonding company agent.  He asked me to do
everything I could not to hurt his good friend. * * *

"The prosecutor's office got calls from people who
claimed they were near the Republican headquarters
up in Lansing—which I hardly think was proper in
this case—and asked in behalf of the grand old
party that no action be taken. * * *

"Harry Goldfarb, claiming to be the general man-
ager of the bonding company, called me  * *  *
[later] and informed me in no uncertain terms the
court had no business to forfeit the bond and that
wasn't the way things were done, and the court
should learn better than that.

"I asked him if he had offered to send the money in. He said that he would gladly send the $1,000 over in this case provided we didn't cash it, a check for the $1,000.

"Now counsel here has likewise made an offer to have the money turned in. No money has been forthcoming."

Affirmed. Costs to plaintiff.

DETHMERS, C. J., and CARR, KELLY, SMITH, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.