PEOPLE *v.* JUDGE OF RECORDER'S COURT

1. BAIL—FORFEITURE—VACATION—DISCRETION.

   The statute providing that a surety against whom a judgment
   of forfeiture of bail bond has been entered in Recorder's
   Court may apply for vacation of judgment within 20 days
   does not·preclude an application out of time for such relief
   addressed to the court's discretion (CL 1948, § 726.14).

2. BAIL—FORFEITURE—DISCRETION.

   Setting aside the forfeiture of a surety bail bond, where the
   defendant appeared in court and the case against him was
   dismissed on a motion by the prosecuting attorney, is a
   matter wholly within the discretion of the court.

Appeal from Recorder's Court of Detroit, Robert
L. Evans, J.   Submitted Division 1 March 4, 1970,
at Detroit.   (Docket No. 7,713.)   Decided March 31,
1970.   Leave to appeal denied November 24, 1970.
384 Mich 781.

Judgment of forfeiture of a bail bond was entered
against George H. Slaton, surety, in Recorder's
Court of Detroit.   The judgment was thereafter
vacated by Robert L. Evans, a judge of Recorder's
Court.   The people appeal.   Affirmed.

*William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Leonard*

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  8 Am Jur 2d, Bail and Recognizance §§ 201–206.
[2]  8 Am Jur 2d, Bail and Recognizance § 166.

*Meyers,* Assistant Prosecuting Attorney, for the people.

*Henrietta E. Rosenthal,* for Robert L. Evans, Judge of Recorder's Court.

*Jesse P. Slaton,* for George H. Slaton.

Before: LESINSKI, C. J., and QUINN and V. J. BRENNAN, JJ.

PER CURIAM. August 2, 1968, orders entered in Recorder's Court holding the forfeited bail bond in the case of *People* v. *Howard* (Recorder's Court No. A–137845) satisfied and canceled; ordering the amount of bail turned over to Wayne County treasurer for the general fund; and granting judgment against the surety.

On June 11, 1969, on motion of the surety, an order entered in Recorder's Court vacating the judgment against the surety, setting aside the forfeiture and remitting the penalty of the bond to the surety.

The people appeal, contending that the Recorder's Court judge who signed the order of June 11, 1969, was without jurisdiction to do so. The basis of this position is the people's argument that under CL 1948, § 726.14 (Stat Ann 1962 Rev § 27.3564), the surety has 20 days within which to seek relief, and failure to do so forever forecloses relief. We do not so read the statute. The language of the statute: "Provided, however, that any person against whom such judgment may have been entered, shall have the right to apply to the court within 20 days after the rendition of such judgment, for the vacation of the same for good and sufficient cause shown, and said court may in ·its discretion, vacate such judgment on such terms as it may deem

just", limits the right to apply for relief. It does not preclude an application for relief addressed to the court's discretion.

While *People* v. *Benmore* (1941), 298 Mich 701, dealt specifically with the return of cash bail, we see no reason legitimately to differentiate between cash bail and surety bail. We read *Benmore* to hold that the grant or denial of the relief sought and obtained by this surety is discretionary. See also 84 ALR 420. Here, when defendant Howard appeared, the case against him was dismissed on motion of the prosecuting attorney. We find no abuse of discretion.

Affirmed.