PEOPLE v TOM JOHNSON

1. STATUTES—IN PARI MATERIA—SAME SUBJECT MATTER.

Statutes which pertain to the same subject matter or which have a common purpose are *in pari materia* and are to be read together and construed as constituting a single law.

2. BAIL—BONDS—SURETY BONDS—CRIMINAL LAW—CRIMINAL PROCEDURE—SECURITIES—REMITTANCE—STATUTES.

Surety bonds are not a type of security which may be remitted under statutory provision where they have been deposited in lieu of bond or bail (MCLA 765.12–765.18; MSA 28.899–28.908).

3. BAIL—BONDS—SURETY BONDS—CRIMINAL LAW—CRIMINAL PROCEDURE—FORFEITURE OF BOND.

A judgment rendered against a surety, where the surety posted bond for a criminal defendant's bail and the defendant failed to appear thereby forfeiting bond, stands as any judgment in a personal action and is enforceable, reviewable, and appealable as such.

4. BAIL—BONDS—CRIMINAL LAW—CRIMINAL PROCEDURE—PLEDGE OF SURETY—DEFAULTS—DEPOSITED SECURITY—STATUTES.

The provisions in the Code of Criminal Procedure governing the pledge of a surety and the procedures upon default differ in procedure from those of depositing security and disposition thereof; the term security found within § 15 of Chapter 5 of the Code of Criminal Procedure refers to deposited bonds and not surety bonds (MCLA 765.12 *et seq.*, 765.20 *et seq.; MSA 28.899 et seq.*, 28.907 *et seq.*).

Appeal from Kalamazoo, Lucien F. Sweet, J. Submitted November 5, 1976, at Grand Rapids. (Docket Nos. 24355, 24356.) Decided December 9, 1976.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes § 186 *et seq.*
[2–4] 8 Am Jur 2d, Bail and Recognizance § 57 *et seq.*

Tom Johnson was charged with sale of heroin and released on bond furnished by Allied Fidelity Corporation, Edith M. Rasberry, agent-surety. Defendant failed to appear for his scheduled jury trial and forfeited bond. Judgment for the full amount of the bond was entered against the surety. Subsequent to payment of the judgment, it was discovered that defendant Johnson was incarcerated within the state. The surety's motion for remission was denied. Surety appeals by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Stephen M. Wheeler,* Chief of Appellate Division, for the people.

*Jackson & Logan,* for defendant.

Before: Bronson, P. J., and J. H. Gillis and V. J. Brennan, JJ.

J. H. Gillis, J. This case arises out of the following facts stipulated by the parties herein involved.

"On January 19, 1970 the Principal-Defendant, Tom Johnson, was charged by complaint and warrant with having sold the narcotic drug Heroin contrary to law on January 17, 1970.

"Upon motion of the Principal-Defendant bail was reduced on February 17, 1970 to the sum of Five Thousand ($5,000) Dollars. On March 10, 1970 recognizance was furnished by the Stuyvesant Insurance Company as Surety, through Allied Fidelity Corporation a/k/a Midland Insurance Company as general agents and Edith (Beasley) Rasberry as executing agent.

"On October 21, 1971 the Principal-Defendant failed to appear for his duly scheduled and noticed Circuit Court jury trial. A Bench Warrant was issued for his apprehension and the recognizance bond was forfeited.

"During November, 1970 the Principal-Defendant was arrested in Kalamazoo County on other charges and released. At this time the executing agent informed the Kalamazoo County Circuit Court Clerk's office that the Surety desired to be released from the bond. No formal petition to the Court for release was made by the Surety.

"A hearing to show cause by the Surety was scheduled. for December 6, 1971 with notice and proof of service upon the executing agent. No representative of the Surety appeared at the show cause hearing. Judgment was awarded in the full amount of Five Thousand ($5,000) Dollars to the People of the State of Michigan against the Surety.

"On December 8, 1971 a proposed judgment was mailed with proof of service to the executing agent. Said proposed judgment was not approved or returned.

"On December 29, 1971 notice of entry of judgment pursuant to GCR 1963, 522 was mailed with proof of service to the executing agent. Judgment was entered against the Surety on January 3, 1972.

"On June 12, 1972 a hearing was held in the Circuit Court on the Surety's motion to set aside the judgment. The Surety's motion was denied by the court.

"On July 17, 1972 the Principal-Defendant was incarcerated in the St. Joseph County jail pending charges in that county. This information was discovered by the Surety sometime in August, 1972.

"On October 10, 1972 the Surety paid the sum of Five Thousand ($5,000) Dollars to the People of the State of Michigan in satisfaction of the judgment.

"On or about November 1, 1972 the Principal-Defendant entered Jackson Prison under the name of Calvin Braswell, as a result of conviction in St. Joseph County.

"On September 19, 1973 a hearing was held in the Circuit Court on the Principal-Defendant's motion for bond remittance. Said motion was denied by the Court as not being brought by the proper party, in that the Surety should petition for remittance, not the Principal-Defendant.

"On November 5, 1973 a hearing was held in the Circuit Court on the Surety's motion for bond remit-

tance. The Surety's motion was denied by the Court on the basis that MCLA 765.15; MSA 28.902 does not apply to surety bonds collected after judgment. An order to that effect was entered by the Court on December 6, 1973.

"On or about December 19, 1973 the Surety filed a Claim of Appeal, from the Circuit Court's denial of the Surety's motion in this Honorable Court. The Claim of Appeal was returned to the Surety by this Honorable Court on December 21, 1973 as being a matter of leave to appeal and not an appeal as of right.

"On July 5, 1974 an order Nolle Prosequi was entered dismissing the criminal charge against the Principal-Defendant on the basis that [sic] of his conviction and sentence in St. Joseph County.

"On August 19, 1974 a hearing was held in the Circuit Court on the Surety's motion for bond remittance. Said motion added the Midland Insurance Company as Surety, and was based on the same grounds as the November 5, 1973 motion. The Court denied the Surety's motion."

On July 23, 1975, our Court granted leave to appeal. The single issue raised concerns the interpretation of MCLA 765.15; MSA 28.902.

Chapter 5 of the Code of Criminal Procedure governs the procedures for bail in Michigan. We begin our analysis with § 12 of that chapter which states:

"In any criminal cause or proceeding where bond or bail of any character is required or permitted for any purpose, the party or parties required or permitted to furnish such bail or bond may deposit, in lieu thereof, in the manner herein provided, cash, certified check on any state or national bank in this state, obligations of the United States government negotiable by delivery or bonds of any municipality of this state negotiable by delivery, equal in amount to the amount of the bond or bail so required or permitted." MCLA 765.12; MSA 28.899.

The following section sets out the procedures to be followed in depositing such cash, check or security. MCLA 765.13; MSA 28.900. This deposit is to be treated by the court as equivalent to bond or bail. MCLA 765.14; MSA 28.901. Section 15 is the statute here in question. It provides:

"(a) If such bond or bail be forfeited, the court shall enter an order upon its records directing, within 45 days of the order, the disposition of *such cash, check or security,* and the treasurer or clerk, upon presentation of a certified copy of such order, shall make disposition thereof. The court shall set aside the forfeiture and discharge the bail or bond, within 1 year from the time of the forfeiture judgment, in accordance with subsection (b) of this section if the person who forfeited bond or bail is apprehended and the ends of justice have not been thwarted and the county has been repaid its costs for apprehending the person.

"(b) If such bond or bail be discharged, the court shall enter an order to that effect with a statement of the amount to be returned to the depositor. Upon presentation of a certified copy of such order, the treasurer or clerk having such cash, check or security shall pay or deliver the same to the person named therein or to his order.

"(c) In case such cash, check or security shall be in the hands of the sheriff or any officer, other than such treasurer or clerk, at the time it is declared discharged or forfeited, the officer holding the same shall make such disposition thereof as the court shall order, upon presentation of a certified copy of the order of the court." MCLA 765.15; MSA 28.902. (Emphasis supplied.)

Appellant contends that the word "security" found within the above statute encompasses surety bonds, and that therefore the $5,000 paid by appellant should be remitted.

Statutes which pertain to the same subject matter or which have a common purpose are *in pari*

*materia.* They are to be read together and construed as constituting a single law. *Wayne County v State Department of Social Welfare,* 343 Mich 475, 479–480; 72 NW2d 200 (1955), *Van Antwerp v State,* 334 Mich 593, 605; 55 NW2d 108 (1952), *Rathbun v State,* 284 Mich 521, 543–545; 280 NW 35 (1938). Within chapter 5 there are seven statutes (§§ 12–18) which deal with the same subject matter, that is, the "deposit of cash, certified check or certain securities in lieu of bond or bail". Accordingly, we interpret the statutes in connection with each other. Section 12 sets out the types of securities included within the heading "certain securities" which may be deposited. These are, "obligations of the United States Government negotiable by delivery or bonds of any municipality of this state negotiable by delivery". The phrase "cash, check or security" is found in §§ 13 and 16 in addition to § 15. Sections 17 and 18 contain the phrase "any cash or securities". It is apparent to us that the phrases "such cash, check or security", "the cash, check or security" and "any cash or securities" all refer to the items deposited in lieu of bail or bond. In order to be remitted in accordance with § 15, the bail or bond must first be deposited as provided in § 13, and in order to be so deposited the item must be one that is acceptable under § 12. Surety bonds are not listed within § 12 as a type of "certain security".

Appellant argues that if surety bonds are not included within § 15 that appellant is left with no remedy. We do not agree. A surety bond such as the one provided in the instant case is a contract between the government and the principal and surety. *United States v D'Anna,* 487 F2d 899, 900 (CA 6, 1973). It is a promise made by the surety that if the principal defaults, the surety will pay

the judgment on the bond. The $5,000 paid by appellant in the instant case was paid to satisfy a judgment entered against the appellant as surety. The procedures for entering such judgment are not applicable to situations where items have been deposited in lieu of bond. See *People v Benmore,* 298 Mich 701, 705; 299 NW 773 (1941). In the deposit situation, the depositor puts up something of value which is forfeited upon an order while in the surety bond situation, the surety merely makes a promise to make good the bond after a judgment is entered. The difference lies in who has possession of the valuable during the interim, and also who is entitled to the interest on the security during that time.[1]

Section 28 of chapter 5 of the Code of Criminal Procedure sets forth the procedures to be followed in entering a judgment against the surety. It provides:

"In addition to any other method available, it is hereby provided that whenever default shall be made in any recognizance in any court of record, the same shall be duly entered of record by the clerk of said court and thereafter said court, upon the motion of the attorney general, prosecuting attorney or city attorney, may give the surety or sureties twenty [20] days' notice, which notice shall be served upon said surety or sureties in person or left at his or their last known place of residence. Said surety or sureties shall be given an opportunity to appear before the court on a day certain and show cause why judgment should not be entered against him or them for the full amount of such recognizance. If good cause is not shown, the court shall then enter judgment against the surety or sureties on said

---

[1] Section 17 of chapter 5 provides for the state to receive the interest on the security deposited. On the other hand, in a surety bond situation, it is the surety who is in possession of the security and therefore the surety retains any interest which accumulates therefrom. MCLA 765.17; MSA 28.904.

recognizance for such amount as it may see fit not exceeding the full amount thereof. Execution shall be awarded and executed upon said judgment in like manner as is provided in personal actions." MCLA 765.28; MSA 28.915.

After a judgment has been entered against a surety it stands as any judgment rendered in a personal action. It is enforceable, reviewable and appealable by way of the same provisions and by other statutes and court rules which may apply to the specific situation, *e.g.* GCR 1963, 528, MCLA 600.4835; MSA 27A.4835. Appellant has not been left without a remedy.

In conclusion, we find that the provisions governing the pledge of a surety, and procedures upon default, MCLA 765.20 *et seq.;* MSA 28.907 *et seq.,* differ in procedure from those of depositing security and disposition thereof, MCLA 765.12 *et seq.;* MSA 28.899 *et seq.* The term security found within § 15 of chapter 5 of the Code of Criminal Procedure refers to deposited bonds and not surety bonds. We therefore affirm the trial court in refusing to remit to appellant the $5,000 paid in satisfaction of the judgment entered against it.

Affirmed. Costs to appellee.