PEOPLE v PAVLAK

*In re* INTERNATIONAL FIDELITY INSURANCE COMPANY

Docket No. 77-1926. Submitted January 9, 1980, at Detroit.—Decided August 11, 1980.

Michael A. Pavlak was charged with breaking and entering in the Recorder's Court of Detroit. International Fidelity Insurance Company posted a bond to secure his appearance. When Pavlak failed to appear for sentencing on September 13, 1976, his bond was forfeited. He was rearrested on October 7, 1976. On that same day, Fidelity voluntarily paid the face value of the bond into the court. Fidelity moved to have the forfeiture set aside and the bond money returned. The prosecutor was served with notice. The court reinstated the bond and ordered the money paid in remitted to Fidelity on condition that Fidelity first release its collateral and pay court costs. Fidelity did so. Then, the Wayne County Board of Auditors refused to remit the money, claiming the county's corporation counsel rather than the prosecutor should have been served. The trial judge set aside its order of reinstatement and stated reimbursement would be mandated if Fidelity filed again and served the corporation counsel. When Fidelity did this, the court, Justin C. Ravitz, J., denied the motion, holding it had no authority to remit forfeitures to corporate sureties. Fidelity appeals. *Held:*

A rule or statute which denies a corporate surety the same right to relief from forfeiture of a bond as an individual depositor of bail would have is inconsistent with the ordinary rules of suretyship law and is in violation of the equal protection clause. Under the circumstances, Pavlak would have been entitled to remission had he posted a cash bond. Fidelity is also entitled to remission.

Reversed.

M. F. CAVANAGH, J., concurred in the result only.

SURETYSHIP AND GUARANTEE — BAIL BONDS — EQUAL PROTECTION — STATUTES.

Liability of a surety is coextensive with the liability of a principal

REFERENCES FOR POINTS IN HEADNOTE

[1] 8 Am Jur 2d (Rev), Bail and Recognizance § 101.

18 Am Jur 2d, Corporations § 21.

on a bond and cannot be extended any further; a corporation is a "person" within the meaning of the equal protection clause; a rule or statute which denies a corporate surety the same right to relief from forfeiture of a bond as an individual depositor of bail would have is inconsistent with the ordinary rules of suretyship law and is in violation of the equal protection clause (MCL 765.15; MSA 28.902).

*George H. Cross,* Corporation Counsel, and *W. B. McIntyre, Jr.,* Assistant Corporation Counsel, for the Wayne County Board of Auditors.

*Norman L. Zemke* and *James M. Cohen,* for appellant International Fidelity Insurance Company.

Before: R. M. MAHER, P.J., and M. F. CAVANAGH and CYNAR, JJ.

R. M. MAHER, P.J. The appellant herein is a corporate surety which posted a $1,000 criminal bail bond in Detroit Recorder's Court to secure the appearance of the defendant, Michael Pavlak. When Pavlak failed to appear for sentencing on September 13, 1976, his bond was forfeited and canceled and a capias was issued for his arrest.

On October 7, 1976, the defendant was stopped for a minor traffic violation, and a LEIN check disclosed his fugitive status. He was taken into custody in connection with the still-pending criminal case. On that same date, the surety had voluntarily paid the $1,000 face value of the bond into the court, foregoing the requirement of MCL 765.28; MSA 28.915 and *People v Person,* 44 Mich App 630; 205 NW2d 610 (1973), that the prosecutor first obtain a judgment for the bond forfeiture.

A few days after defendant was apprehended, the appellant moved to have the forfeiture set

aside and for reinstatement of the bond and reimbursement of the $1,000 which had previously been paid. The prosecutor was served in accordance with then-current practice in Recorder's Court. The prosecutor did not oppose the petition for reinstatement. At a hearing held October 21, 1976, the trial court reinstated the bond and ordered that the $1,000 forfeiture be remitted to the surety on condition that the surety first release its collateral and pay $200 in court costs. The surety complied with these preconditions. Subsequently, the Wayne County Board of Auditors refused to remit the $1,000, claiming that the surety's petition for reinstatement of the bond should have been served on the County Corporation Counsel rather than on the prosecutor and was therefore inadequate.[1]

The trial judge heard argument on the issue of service, then set aside its prior order of reinstatement. The trial judge stated to the appellant surety that if it filed again for reinstatement and served the corporation counsel, the return of the $1,000 would, in the trial court's view, be mandated.

Appellant filed and served a new petition for remission. At this time, the trial court denied the petition, based upon *People v Tom Johnson,* 72 Mich App 702; 250 NW2d 508 (1976). Although the trial judge recognized that the surety had been prejudiced by his inconsistent rulings in that it had released its collateral and had paid $200 in court costs, he said that under *People v Tom Johnson, supra,* he had no authority to remit forfeitures to corporate sureties.

---

[1] Although the propriety of the service is not at issue in this appeal, we would note that GCR 1963, 772.4 unambiguously requires only that service be had upon "the prosecuting attorney" with respect to the remission of forfeitures. See also, *Wayne County Prosecutor v Recorder's Court Judges,* 81 Mich App 317, 322; 265 NW2d 134 (1978).

The statute governing the remission of bond forfeitures, MCL 765.15; MSA 28.902, provides as follows:

"Sec. 15. (a) If such bond or bail be forfeited, the court shall enter an order upon its records directing, within 45 days of the order, the disposition of such cash, check or security, and the treasurer or clerk, upon presentation of a certified copy of such order, shall make disposition thereof. *The court shall set aside the forfeiture and discharge the bail or bond within 1 year from the time of the forfeiture judgment, in accordance with subsection (b) of this section if the person who forfeited bond or bail is apprehended and the ends of justice have not been thwarted and the county has been repaid its costs for apprehending the person.*

"(b) If such bond or bail be discharged, the court shall enter an order to that effect with a statement of the amount to be returned to the depositor. Upon presentation of a certified copy of such order, the treasurer or clerks having such cash, check or security shall pay or deliver the same to the person named therein or to his order.

"(c) In case such cash, check or security shall be in the hands of the sheriff or any officer, other than such treasurer or clerk, at the time it is declared discharged or forfeited, the officer holding the same shall make such disposition thereof as the court shall order, upon presentation of a certified copy of the order of the court."

In *People v Tom Johnson, supra,* a panel of this Court held that the term "security" in MCL 765.15 applies solely to such negotiable securities as are permitted to be filed in lieu of bond or bail under MCL 765.12; MSA 28.899.[2] The basis for distinction

---

[2] MCL 765.12; MSA 28.899 provides:

"Sec. 12. In any criminal cause or proceeding where bond or bail of any character is required or permitted for any purpose, the party or parties required or permitted to furnish such bail or bond may deposit, in lieu thereof, in the manner herein provided, cash, certified

between the deposit and the corporate surety bond was explained thusly, 72 Mich App 702, 708:

"In the deposit situation, the depositor puts up something of value which is forfeited upon an order while in the surety bond situation, the surety merely makes a promise to make good the bond after a judgment is entered. The difference lies in who has possession of the valuable during the interim, and also who is entitled to the interest on the security during that time.[1]

---

"[1] Section 17 of chapter 5 provides for the state to receive the interest on the security deposited. On the other hand, in a surety bond situation, it is the surety who is in possession of the security and therefore the surety retains any interest which accumulates therefrom. MCLA 765.17; MSA 28.904."

---

We find the reasoning of *People v Tom Johnson* unpersuasive and do not see any basis for the distinction in treatment between deposit bail and a bond posted by a corporate surety. MCL 765.6; MSA 28.893 expressly provides that the amount of bail shall be uniform whether the bond is executed by the accused or by a surety. MCL 765.12; MSA 28.899 allows the deposit of cash, certified checks, etc., in an amount equal to the bond or bail which is required, and "in lieu thereof". The obvious legislative intent behind these provisions is that both sorts of bail should be treated similarly. Common sense, and fidelity to the Legislature's apparent intent, would dictate that bonds which are to be treated alike should be treated alike for all purposes, including remission of forfeitures.

Furthermore, in *People v Judge of Recorder's*

check on any state or national bank in this state, obligations of the United States government negotiable by delivery or bonds of any municipality of this state negotiable by delivery, equal in amount to the amount of the bond or bail so required or permitted."

*Court,* 23 Mich App 126, 128; 178 NW2d 146 (1970), this Court stated:

"While *People v Benmore* (1941), 298 Mich 701, dealt specifically with the return of cash bail, we see no reason legitimately to differentiate between cash bail and surety bail. We read *Benmore* to hold that the grant or denial of the relief sought and obtained by this surety is discretionary. See also 84 ALR 420."

A corporate surety is permitted to post bond through a recognizance, rather than by the deposit of a cash, check or other negotiable security, because the sufficiency of its assets, and thus its ability to pay, have previously been determined by the Commissioner of Insurance. MCL 500.103-500.104; MSA 24.243-24.244 Therefore, a corporate surety provides the people with the same degree of financial security in connection with a recognizance as does the deposit of a negotiable security. In our opinion, the issue of entitlement to interest on an interest-bearing security is irrelevant in construing the statute on the remission of forfeitures, especially since the securities in question need not be interest-bearing instruments.

It is well-settled that the liability of a surety is coextensive with the liability of a principal on a bond and cannot be extended any further. 74 Am Jur 2d, Suretyship, § 104, p 76, *In re MacDonald Estate,* 341 Mich 382; 67 NW2d 227 (1954). In other words, a surety stands in the shoes of its principal. If a defendant in a criminal case had posted $1,000 of his own funds as bail, this $1,000, less costs, would have been returned to him upon his rearrest and sentencing. But if we were to adhere to the analysis and the holding of *People v Tom Johnson, supra,* the surety would not have the same rights as his principal under MCL

765.15(a); MSA 28.902(a). Such a rule makes the surety's position inferior to that of its principal, a result which seems to be inconsistent with the ordinary rules of suretyship law, as well as a violation of the constitutional guaranty of equal protection.

A corporation is a "person" within the meaning of the equal protection clause. *Grosjean v American Press Co, Inc,* 297 US 233; 56 S Ct 444; 80 L Ed 660 (1936), *Louis K Liggett Co v Lee,* 288 US 517; 53 S Ct 481; 77 L Ed 929 (1933). If both the principal and the surety are "persons" within the meaning of the equal protection clause, and, by virtue of ordinary suretyship law must be "similarly situated", it then becomes an inescapable conclusion that a rule which treats the principal and surety differently offends the equal protection clause. See *e.g., Hartford Steam Boiler Inspection & Ins Co v Harrison,* 301 US 459; 57 S Ct 838; 81 L Ed 1223 (1937), *Reed v Reed,* 404 US 71; 92 S Ct 251; 30 L Ed 2d 225 (1971), *Johnson v Robison,* 415 US 361; 94 S Ct 1160; 39 L Ed 2d 389 (1974).

There is no rational basis for the unequal treatment. The purpose of bond or bail is to guarantee that the accused will appear at a set time. The bond is forfeited if he fails to appear, but the money can be recovered if the accused is apprehended within the allotted time at no added expense to the court system. That same purpose is served whether the bail was secured by a surety or by funds deposited by the accused and his family. Retention of interest on bail money is not a proper purpose to be served by the statutory scheme.

Furthermore, it is our opinion that a rule which denies corporate sureties the relief provided for in MCL 765.15(a) is unsound as a matter of public policy. We have previously noted that "the sure-

ty's function on the bail-bond contract operates to relieve the state from policing court attendance of bailed defendants and thus furthers the state's interests". *Citizens for Pre-trial Justice v Goldfarb,* 88 Mich App 519, 567; 278 NW2d 653 (1979) (BRENNAN, J.). GCR 1963, 790.4(b) also recognizes the necessity of a surety bond to secure the appearance of a criminal accused in some circumstances.

It is well recognized in Michigan that a professional bondsman has the power to arrest an absconding client. *Citizens for Pre-trial Justice v Goldfarb, supra,* 556. It is likely that a surety would spend large amounts of time and capital in locating and apprehending an absconder. If we now preclude the surety from recouping the amount of the forfeited bond, we will, as a practical matter, take away or at least greatly diminish his incentive to pursue such clients. This result would be detrimental to the court system of this state.

Another argument which is made in support of the distinction between sureties and deposited funds is based on humanitarian grounds: if a defendant and his family mortgage their house or deposit their life savings, and the defendant is apprehended within the year, there would be a hardship on the family if these funds are not returned. However, in the usual case, the surety also requires some collateral, which he would ordinarily retain if the defendant absconds and the bond is forfeited. Thus, this distinction is without merit.

In summary, we believe that a rule which denies a corporate surety the same right to relief from forfeiture of a bond as an individual depositor of bail would have is unsound in light of the impor-

tant role that such a surety has in assuring the appearance of a criminal defendant.

We would therefore reverse the decision of the trial court and would allow the appellant surety to recover the amount of the forfeited bond.

M. F. CAVANAGH, J., concurs in the result only.