PEOPLE v EVANS

Docket No. 99545. Submitted April 14, 1988, at Lansing. Decided May 17, 1988. Leave to appeal applied for.

Pearl Lee Evans was convicted of several offenses in Bay Circuit Court. An habitual offender charge was adjourned for three days and, despite the convictions, the court, John X. Theiler, J., continued Evans' $15,000 surety bond, which had been put up by Edward and Katherine Kosciuszko, doing business as Kozy Bail Bond. Evans failed to appear in court for the habitual offender proceeding and the court forfeited the $15,000 surety bond and issued a bench warrant for Evans' arrest. Approximately three weeks later, the prosecutor filed a motion for entry of judgment against Kozy Bail Bond. At the hearing on the motion, counsel for Kozy sought a sixty-day extension. On March 12, 1986, the court entered a judgment against Kozy for $15,000 plus interest but stayed execution of the judgment for sixty days. Evans was arrested and jailed in Saginaw County on May 7, 1986. Kozy had spent $6,500 in locating and detaining Evans. Kozy filed a motion to set aside the bond forfeiture and the judgment against it. The court allowed Kozy a $6,500 setoff against the earlier judgment, but refused to set aside the entire forfeiture judgment. Kozy appealed.

The Court of Appeals *held:*

The court erred in failing to set aside the entire forfeiture judgment because Evans was apprehended within one year from the date of the forfeiture judgment, because the ends of justice had not been thwarted, and because the county did not expend any costs in apprehending her. The forfeiture, less whatever costs the court may find the county to have incurred in apprehending Evans, is set aside.

Reversed and remanded.

BAIL — FORFEITURES AND PENALTIES — SETTING ASIDE OF FORFEITURE.

A judgment of forfeiture of bond or bail shall be set aside if,

REFERENCES

Am Jur 2d, Bail and Recognizance §§ 144 *et seq.*

Am Jur 2d, Forfeitures and Penalties §§ 1, 2, 9, 47.

See the Index to Annotations under Bail and Recognizance; Forfeitures and Penalties.

within one year from the time of the judgment, the person who forfeited the bond or bail is apprehended, the ends of justice have not been thwarted, and the county has been repaid its costs for apprehending the person (MCL 765.15; MSA 28.902).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

*Doozan & Scorsone, P.C.* (by *Vincent A. Scorsone*), for Kozy Bail Bond.

Before: BEASLEY, P.J., and H. HOOD and R. L. TAHVONEN,* JJ.

PER CURIAM. Defendants, Edward and Katherine Kosciuszko, doing business as Kozy Bail Bond, appeal as of right from a March 11, 1987, amended judgment ordering them to pay the County of Bay $15,000, plus twelve percent interest. Defendants had been the surety of a criminal defendant, Pearl Lee Evans, who absconded on bond.

On September 6, 1985, Pearl Lee Evans was convicted of two counts of uttering and publishing a false or altered check with intent to defraud, in violation of MCL 750.249; MSA 28.446, one count of conspiracy to commit the offense of uttering and publishing a false or altered check, in violation of MCL 750.157a (a); MSA 28.354(1)(a), and one count of larceny in a store, in violation of MCL 750.360; MSA 28.592.

Evans also was charged with being an habitual offender, in violation of MCL 769.12; MSA 28.1084. Following Evans' convictions on the underlying offenses, the court adjourned the habitual offender proceeding until September 9, 1985. Despite the convictions, the court continued Evans' $15,000

---

* Circuit judge, sitting on the Court of Appeals by assignment.

surety bond. Evans did not appear before the court on September 9, 1985, and the trial judge forfeited her $15,000 surety bond and issued a bench warrant for her arrest. On September 16, 1985, the court entered an order forfeiting Evans' bond.

On October 8, 1985, the prosecution filed a motion for entry of judgment against Evans' surety, defendants Edward and Katherine Kosciuszko, doing business as Kozy Bail Bond, in the amount of $15,000. At a February 10, 1986, motion hearing, counsel for defendants argued that Mr. Kosciuszko believed that he was very close to locating Evans and asked the court to give defendants a sixty-day extension, during which they would continue their efforts to locate Evans. On March 12, 1986, the court entered a judgment against the surety and in favor of the county for $15,000, plus interest, but further ordered that execution of the judgment be stayed for sixty days.

According to an affidavit filed by an employee of Kozy Bail Bond, on May 7, 1986, through the efforts of Kozy Bail Bond, Evans was arrested and jailed in the Saginaw County Jail. Kozy Bail Bond expended $6,500 in locating and detaining Evans.[1] On February 12, 1987, Kozy Bail Bond filed a motion to set aside the bond forfeiture and the judgment against the surety. During a February 23, 1987, motion hearing, the court indicated that defendants should be allowed a $6,500 setoff

---

[1] On June 3, 1986, Evans was arraigned on the bench warrant. On July 23, 1986, Evans pled guilty on the original supplemental information to being an habitual offender. She also pled guilty to absconding on or forfeiting bond in a felony case, in violation of MCL 750.199a; MSA 28.396(1), and to habitual offender, third offense, in violation of MCL 769.11; MSA 28. 1083. On August 29, 1986, Evans was sentenced to serve not less than fourteen years nor more than forty-five years in prison on each of the uttering and publishing convictions, not less than fourteen years nor more than forty-five years in prison on the conspiracy conviction, and not less than four years nor more than fifteen years in prison on the larceny in a store conviction, the sentences to run concurrently.

against the earlier judgment for the amount of money expended in locating and apprehending Evans. On March 11, 1987, the court amended the judgment from which defendants now appeal.

On appeal, defendants argue that, according to MCL 765. 15; MSA 28.902, the trial court erred in failing to set aside the entire forfeiture judgment because Evans, the absconding principal defendant, was apprehended within one year from the date of the forfeiture judgment, because the ends of justice have not been thwarted, and because the county did not expend any costs in apprehending her.

MCL 765.15; MSA 28.902 provides:

(a) If such bond or bail be forfeited, the court shall enter an order upon its records directing, within 45 days of the order, the disposition of such cash, check or security, and the treasurer or clerk, upon presentation of a certified copy of such order, shall make disposition thereof. *The court shall set aside the forfeiture and discharge the bail or bond, within 1 year from the time of the forfeiture judgment, in accordance with subsection (b) of this section if the person who forfeited bond or bail is apprehended and the ends of justice have not been thwarted and the county has been repaid its costs for apprehending the person.*

(b) If such bond or bail be discharged, the court shall enter an order to that effect with a statement of the amount to be returned to the depositor. Upon presentation of a certified copy of such order, the treasurer or clerk having such cash, check or security shall pay or deliver the same to the person named therein or to his order.

(c) In case such cash, check or security shall be in the hands of the sheriff or any officer, other than such treasurer or clerk, at the time it is declared discharged or forfeited, the officer holding the same shall make such disposition thereof as the court shall order, upon presentation of a certi-

fied copy of the order of the court. [Emphasis added.]

In *People v Tom Johnson,*[2] the defendant was charged with the sale of heroin and was released on bond furnished by a surety. The defendant failed to appear for trial and forfeited the $5,000 bond. A judgment for the full amount of the bond was entered against the surety. After the surety paid the full amount of the judgment, the defendant was found to be incarcerated within the state. The surety then brought a motion for remission, which the trial court denied. The surety appealed to this Court, arguing that the word "security" in MCL 765.15; MSA 28.902 encompasses surety bonds and, therefore, the $5,000 it paid should be remitted. This Court affirmed the trial court's refusal to remit to the surety the $5,000 paid in satisfaction of the judgment entered against it, holding that the term "security" in the statute applies only to such negotiable securities as are permitted to be filed in lieu of bond or bail under MCL 765.12; MSA 28.899.

In *People v Pavlak,*[3] another panel of this Court disagreed with the *Johnson* holding, stating:

We find the reasoning of *People v Tom Johnson* unpersuasive and do not see any basis for the distinction in treatment between deposit bail and a bond posted by a corporate surety. MCL 765.6; MSA 28.893 expressly provides that the amount of bail shall be uniform whether the bond is executed by the accused or by a surety. MCL 765.12; MSA 28.899 allows the deposit of cash, certified checks, etc., in an amount equal to the bond or bail which is required, and "in lieu thereof." The obvious legislative intent behind these provisions is that

[2] 72 Mich App 702; 250 NW2d 508 (1976).
[3] 99 Mich App 190, 194, 196-197; 297 NW2d 878 (1980).

both sorts of bail should be treated similarly. Common sense, and fidelity to the Legislature's apparent intent, would dictate that bonds which are to be treated alike should be treated alike for all purposes, including remission of forfeitures.

\* \* \*

Furthermore, it is our opinion that a rule which denies corporate sureties the relief provided for in MCL 765.15 (a) [MSA 28.902(a)] is unsound as a matter of public policy. We have previously noted that "the surety's function on the bail-bond contract operates to relieve the state from policing court attendance of bailed defendants and thus furthers the state's interests." *Citizens for Pre-Trial Justice v Goldfarb,* 88 Mich App 519, 567; 278 NW2d 653 (1979) (BRENNAN, J.). GCR 1963, 790.4(b) also recognizes the necessity of a surety bond to secure the appearance of a criminal accused in some circumstances.

It is well recognized in Michigan that a professional bondsman has the power to arrest an absconding client. *Citizens for Pre-Trial Justice v Goldfarb, supra,* 556. It is likely that a surety would spend large amounts of time and capital in locating and apprehending an absconder. If we now preclude the surety from recouping the amount of the forfeited bond, we will, as a practical matter, take away or at least greatly diminish his incentive to pursue such clients. This result would be detrimental to the court system of this state.

We also find it sound policy to allow a surety to recoup a forfeited bond. The court should preserve a bondsman's incentive to pursue a client who fails to appear in court.

We have given consideration to the prosecutor's argument that, to some extent, the interests of justice have not been served when a defendant fails to appear in court as directed. However, in that regard, MCL 765.15; MSA 28.902 gives the

trial court discretion to determine when a defendant's failure to appear thwarts the "ends of justice." Here, neither the record of the trial court proceeding nor the prosecutor's argument convince us that justice was thwarted significantly when defendant Evans failed to appear in court until almost nine months after the date scheduled for her habitual offender trial.

Accordingly, we reverse and remand. The forfeiture, less whatever costs the court may find the county to have incurred in apprehending Evans, is hereby set aside.

Reversed and remanded.