PEOPLE v MUNLEY

Docket No. 106022. Submitted October 20, 1988, at Lansing. Decided
      February 23, 1989.
      Norman William Munley was charged with armed robbery in
      Genesee Circuit Court and bond was set at $50,000. Donovan
      Neville posted a surety bond on November 13, 1984, to secure
      Munley's release. On May 28, 1985, after pleading guilty,
      Munley failed to appear for sentencing. A bench warrant was
      issued for his arrest. The following day the court, Philip C.
      Elliott, J., entered an order forfeiting the bond. On July 3,
      1985, a judgment was entered against the surety and in favor
      of Genesee County for $50,000. On May 12, 1987, Munley was
      arrested in Georgia. Munley was extradited to Michigan and
      sentenced for his armed robbery conviction. On or about July 6,
      1987, Neville filed a motion to set aside the judgment of bond
      forfeiture. As of the date of the hearing on the motion, Neville
      had paid $12,032.95 toward the $50,000 judgment. The court set
      aside the July 3, 1985, judgment for $50,000 and ordered
      Genesee County to repay the sum collected from the surety less
      the costs of returning Munley to Genesee County. Genesee
      County appealed.
          The Court of Appeals *held:*
          MCL 600.4835; MSA 27A.4835 governs the remission of a
      forfeited surety bond. Under the statute, a forfeited recogni-
      zance bond may be remitted as it appears just and equitable.
      The trial court did not abuse its discretion in ordering the
      remission of the forfeited bond less the cost of returning
      Munley to Genesee County.
          Affirmed.
          MICHAEL J. KELLY, P.J., concurred but wrote separately to
      state that the application for relief in this case should have
      been addressed through MCR 2.612(C)(1)(f). He concurs in the
      result because no abuse of discretion was alleged and the
      Supreme Court has granted leave in a case in which it presum-
      ably will resolve conflicting decisions of the Court of Appeals as

REFERENCES
Am Jur 2d, Bail and Recognizance § 101 *et seq.*
Appealability of order relating to forfeiture of bail. 78 ALR2d 1180.

to whether remission of forfeited surety bonds should be governed by MCL 765.15; MSA 28.902 or MCL 600.4835; MSA 27A.4835.

BAIL — BONDS — SURETY BONDS — CRIMINAL LAW — CRIMINAL PROCEDURE — FORFEITURE OF BOND.

The provision of the Code of Criminal Procedure which governs the remission of bond forfeitures does not apply to surety bonds; a surety bond is a contract between the government and the principal and surety by which the surety promises that, if the principal defaults, the surety will pay the judgment on the bond; a judgment rendered against a surety, where the surety posted bond for a criminal defendant's bail and the defendant failed to appear, thereby forfeiting bond, stands as any judgment in a personal action and is enforceable, reviewable, and appealable as such under the provisions of the Revised Judicature Act (MCL 765.15, 600.4835; MSA 28.902, 27A.4835).

*Miner, Spuhler & Miner, P.C.* (by *Earl R. Spuhler*), for Donovan Neville.

*Richard M. Barron,* for Genesee County.

Before: MICHAEL J. KELLY, P.J., and MACKENZIE and S. B. MILLER,* JJ.

MACKENZIE, J. In 1984, Donovan Neville, surety-appellee, posted a $50,000 recognizance bond for the release of Norman William Munley, against whom criminal charges had been brought in Genesee County. Munley failed to appear for a 1985 sentencing proceeding and forfeited bond. On July 3, 1985, a judgment was entered for appellant Genesee County against Munley and the surety for the amount of the bond. See MCR 6.110(F)(2).

In May, 1987, Munley was stopped for a traffic violation in Georgia. He was subsequently extradited to Genesee County and sentenced to a prison term. On July 6, 1987, two years after the judgment of forfeiture was entered and when $12,032.95 had been paid to the county toward

* Circuit judge, sitting on the Court of Appeals by assignment.

satisfaction of the judgment, the surety filed a motion to set aside the July 3, 1985, judgment of bond forfeiture. See MCR 3.605(D). The trial court granted the motion, setting aside the judgment and ordering appellant Genesee County to repay the sum collected from the surety-appellee less the cost of returning Munley to the county. The county appeals as of right. We affirm.

MCL 765.15; MSA 28.902, governing the remission of bond forfeitures, provides as follows:

> (a) If such bond or bail be forfeited, the court shall enter an order upon its records directing, within 45 days of the order, the disposition of such cash, check or security, and the treasurer or clerk, upon presentation of a certified copy of such order, shall make disposition thereof. *The court shall set aside the forfeiture and discharge the bail or bond, within 1 year from the time of the forfeiture judgment, in accordance with subsection (b) of this section if the person who forfeited bond or bail is apprehended and the ends of justice have not been thwarted and the county has been repaid its costs for apprehending the person.*
>
> (b) If such bond or bail be discharged, the court shall enter an order to that effect with a statement of the amount to be returned to the depositor. Upon presentation of a certified copy of such order, the treasurer or clerk having such cash, check or security shall pay or deliver the same to the person named therein or to his order.
>
> (c) In case such cash, check or security shall be in the hands of the sheriff or any officer, other than such treasurer or clerk, at the time it is declared discharged or forfeited, the officer holding the same shall make such disposition thereof as the court shall order, upon presentation of a certified copy of the order of the court. [Emphasis added.]

There is a split of authority as to whether MCL

765.15; MSA 28.902 applies to surety bonds, such as the bond in this case. In *People v Tom Johnson,* 72 Mich 702; 250 NW2d 508 (1976), a panel of this Court concluded that the statute only authorizes remission of forfeited deposit bonds, not surety bonds. According to the *Tom Johnson* panel, the surety's remedy lies in the procedural provisions of the court rules and Revised Judicature Act:

> After a judgment has been entered against a surety it stands as any judgment rendered in a personal action. It is enforceable, reviewable and appealable by way of the same provisions and by other statutes and court rules which may apply to the specific situation, *e.g.* GCR 1963, 528 [now MCR 2.612], MCLA 600.4835; MSA 27A.4835. Appellant has not been left without a remedy. [72 Mich App 709.]

In *People v Pavlak,* 99 Mich App 190; 297 NW2d 878 (1980), however, the panel disagreed with the *Tom Johnson* holding and concluded that the Legislature intended similar treatment of deposit bonds and bonds posted by a security. The *Pavlak* Court held that "[c]ommon sense, and fidelity to the Legislature's apparent intent, would dictate that bonds which are treated alike should be treated alike for all purposes, including remission of forfeitures." 99 Mich App 194. Recently, in *People v Evans,* 168 Mich App 654; 425 NW2d 209 (1988), lv gtd 431 Mich 870 (1988), another panel agreed with the *Pavlak* decision and concluded that MCL 765.15; MSA 28.902 authorizes remission of a forfeited surety bond.

We are of the opinion that *Tom Johnson* represents the sounder view. The plain language of MCL 765.15; MSA 28.902 clearly contemplates a situation in which cash, checks, or securities are deposited as bond. No such deposit exists when a

surety recognizance bond is posted; a surety bond is a contractual promise made by the surety that if the principal/criminal defendant defaults, the surety will pay the bond when a judgment of forfeiture is entered. Like the *Tom Johnson* panel, we therefore conclude that MCL 765.15; MSA 28.902 does not authorize remissions of forfeited surety bonds. Authorization for remission of a forfeited security bond must be found elsewhere.

Chapter 48 of the Revised Judicature Act governs the collection of penalties, fines, and forfeited recognizances. MCL 600.4835; MSA 27A.4835 provides in pertinent part:

> The circuit court for the county in which such court was held, or in which such recognizance was taken, may, upon good cause shown, remit any penalty, or any part thereof, upon such terms as appear just and equitable to the court.

For purposes of the statute, the term "penalty" includes forfeited recognizances. MCL 600.4801; MSA 27A.4801. In light of this definition, we are satisfied that MCL 600.4835; MSA 27A.4835 governs the remission of a forfeited surety bond. Under the statute, a forfeited recognizance bond may be remitted as it appears just and equitable.

Remission of a forfeited bond, in whole or in part, is a matter of sound judicial discretion. *People v Benmore,* 298 Mich 701; 299 NW 773 (1941). See also *People v Judge of Recorder's Court,* 23 Mich App 126; 178 NW2d 146 (1970), lv den 384 Mich 781 (1970). In the instant case, the trial court recognized the holding of *Tom Johnson* and, although not specifically citing MCL 600.4835; MSA 27A.4835, set aside the judgment of forfeiture on equitable grounds. We find no abuse of discretion in this decision.

Finally, even if MCL 765.15; MSA 28.902 were to apply to this case, *Pavlak* and *Evans, supra,* we would still find no abuse of discretion warranting reversal. The one-year limitation of that statute is not jurisdictional and does not preclude discretionary release. Compare *Judge of Recorder's Court, supra.* Again, we find no abuse of discretion.

Affirmed.

S. B. MILLER, J., concurred.

MICHAEL J. KELLY, P.J. *(concurring).* I concur in the result because no abuse of discretion is alleged. The Supreme Court has granted leave in *People v Evans,* 168 Mich App 654; 425 NW2d 209 (1988), lv gtd 431 Mich 870 (1988), and presumably will give guidance on which statute applies. Since this case involves a judgment entered more than two years previously, I would think the application for relief in the trial court should have been addressed through MCR 2.612(C)(1)(f). Since the Supreme Court will resolve the split on our Court, my view as to whether MCL 765.15; MSA 28.902 applies is superfluous. Defendant-appellant county is encouraged to seek review in the Supreme Court if it wishes to amplify on the issues to be treated in *People v Evans, supra.*