WAYNE COUNTY PROSECUTOR v RECORDER'S COURT JUDGES

1. COURTS—SUPERINTENDING CONTROL—GENERALIZED PRACTICES.

    Superintending control is the proper remedy for challenging the generalized practices of a court.

2. BAIL—RECORDER'S COURT—RECOGNIZANCE BONDS—DEFAULT—
   HEARING—COURT'S DISCRETION—STATUTES.

    Any person against whom the default of a recognizance bond may have been entered by a Recorder's Court has a right to apply to that court within 20 days after the judgment for vacation of the judgment for good and sufficient cause shown, and the court in its discretion may vacate such judgment on such terms as it may deem just; a surety against whom a judgment of forfeiture of a recognizance bond has been entered may address a petition for relief in the Recorder's Court issuing the judgment after the 20 day period and seek the discretion of the court.

3. APPEAL AND ERROR—RECORDER'S COURT—BAIL—RECOGNIZANCE
   BONDS—SURETIES—FORFEITURE OF BONDS—RELIEF.

    A surety seeking remittance of a forfeited recognizance bond may appeal to the Court of Appeals if he fails to obtain the requested relief in Recorder's Court.

4. BAIL—RECORDER'S COURT—RECOGNIZANCE BONDS—FORFEITURE OF
   BONDS—SURETIES—COURTS—JUDGES—PROGRESS OF ASSIGNED
   CASES—COURT RULES.

    A surety seeking remittance of a bond ordered forfeited by the Recorder's Court must seek relief initially from the Recorder's Court judge who ordered the forfeiture of the bond because this judge is responsible for the progress and ultimate disposition of

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 17 *et seq.*
[2] 8 Am Jur 2d, Bail and Recognizance §§ 201, 202.
[3] 8 Am Jur 2d, Bail and Recognizance § 206.
[4] 8 Am Jur 2d, Bail and Recognizance § 201.
[5] 8 Am Jur 2d, Bail and Recognizance §§ 139–143.
[6] 46 Am Jur 2d, Judges § 47.
[7] 8 Am Jur 2d, Bail and Recognizance § 203.

the cases and proceedings on his docket of assigned cases (RCR 16.4).

5. COURTS—RECORDER'S COURT—JUDGES—REASSIGNMENT OF PETITIONS —BAIL—RECOGNIZANCE BONDS—FORFEITURE OF BONDS—REIN-STATEMENT OF BONDS—COURT RULES.

One Recorder's Court judge may reassign a matter to another Recorder's Court judge provided the order of reassignment is signed by both judges; without such signed orders it is entirely improper for one Recorder's Court judge to entertain a petition to reinstate a recognizance bond which was ordered forfeited by another judge of co-equal power (RCR 16.11).

6. COURTS—JUDGES—RECORDER'S COURT JUDGES—JUDGE'S DISCRETION —STATUTES.

A Recorder's Court judge may not review or revise any order, judgment, sentence or act of any other Recorder's Court judge involving the personal discretion, judgment or opinion of such other judge (MCLA 726.2; MSA 27.3552).

7. BAIL—RECOGNIZANCE BONDS—FORFEITURE OF BONDS—HEARING— NOTICE TO PROSECUTOR—VOID PETITIONS—COURT RULES.

An application for the remission of penalties, including the remittance of forfeited recognizance bonds, may not be heard until reasonable notice has been given to the prosecuting attorney and until he has an opportunity to examine the matter and to prepare to resist such application; orders for the remittance of forfeited recognizance bonds which are based on petitions filed without proper notice to the prosecutor's office are void (GCR 1963, 108.4, 110.2, 772.4).

Original action in the Court of Appeals. Submitted November 16, 1977, at Detroit. (Docket Nos. 31270–31279.) Decided February 7, 1978. Leave to appeal applied for.

Complaint in the Court of Appeals by the Wayne County Prosecutor for superintending control seeking relief from a series of orders which set aside bond forfeitures and remitted bail in certain criminal cases. Charles B. Goldfarb was added as a party defendant by order of the Court of Appeals. Referred to Recorder's Court of Detroit for further proceedings.

*William L. Cahalan,* Prosecuting Attorney, *Patrick J. Foley, Robert H. Healy* and *John E. Steele,* Assistants Prosecuting Attorney, for plaintiff.

*Norman L. Zemke,* for defendant.

Before: BRONSON, P. J., and ALLEN and T. M. BURNS, JJ.

PER CURIAM. The Wayne County Prosecutor, in a complaint for superintending control,[1] seeks relief from a series of orders which set aside bond forfeitures and remitted bail in 10 criminal cases in Detroit Recorder's Court. The prosecutor alleges that in these 10 cases various Recorder's Court judges other than Clarence Laster, Jr. and James Del Rio ordered the forfeiture of surety bonds after the individual defendants failed to appear for trial. Subsequently, in each case, defendant-appellee Goldfarb, as attorney in fact of the surety, filed a petition for reinstatement of bond forfeiture before either Judge Laster or Judge Del Rio. No notice was given to the prosecutor's office of these motions. In all 10 cases, Judges Laster and Del Rio ordered the forfeited bail remitted to defendant Goldfarb.

The prosecutor alleges that these 10 cases are representative of some 90 similar cases in which Judges Laster and Del Rio remitted forfeited bonds to Goldfarb. Furthermore, it appears that no rec-

---

[1] Defendant Goldfarb argues that superintending control is unavailable to plaintiff at this time, as an adequate remedy (appeal in each case) is available. *See* GCR 1963, 711.2. This issue is controlled by *Cahill v 15th District Judge,* 70 Mich App 1; 245 NW2d 381 (1976), in which, on similar facts, the Supreme Court held that superintending control was the proper remedy for challenging the generalized practices of a court. Additionally, we hold that Goldfarb was properly added as a party defendant. *See* GCR 1963, 205.1; MCLA 600.2041; MSA 27A.2041. *See, also,* GCR 1963, 820.1(2).

The other issues raised by Goldfarb on appeal are meritless.

ords are available in the 10 cases involved in this appeal. Consequently, we remand these causes to Recorder's Court for hearings on the merits before an independent judge. Because the legal issues are clear, we will address them here to provide a legal framework for the hearings we have ordered.

I.

The first alleged procedural error was the review by Judges Laster and Del Rio of the orders of other Recorder's Court judges forfeiting bonds in cases in which defendants had failed to appear for trial.

Recorder's Court procedure for default of recognizance bonds which are posted by sureties is governed by MCLA 726.14; MSA 27.3564:[2]

"[W]henever defaults shall be made in any such recognizance, such default shall be duly entered of record in said recorder's court, and thereafter said court shall, upon the motion of the prosecuting, or city attorney, summarily enter judgment against all parties liable on said recognizance for the full amount thereof: Provided, however, That any person against whom such judgment may have been entered, shall have the right to apply to the court within 20 days after the rendition of such judgment, for the vacation of the same for good and sufficient cause shown, and said court may in its discretion, vacate such judgment on such terms as it may deem just. Execution shall be awarded and executed upon said judgment, in like manner as is provided in personal actions."

---

[2] MCLA 765.28; MSA 28.915 also prescribes a procedure for default on a recognizance bond posted by a surety. MCLA 726.14; MSA 27.3564 seems to be more directly applicable to Recorder's Court. We need not decide, however, which procedure controls; Goldfarb's actions, on the facts alleged by the prosecutor, violated either procedure.

If the surety fails to seek review within 20 days of the judgment of forfeiture, it may address a petition for relief after that period and seek the discretion of the court. See *People v Judge of Recorder's Court,* 23 Mich App 126; 178 NW2d 146 (1970).

If a surety seeking remittance of a forfeited bond fails to obtain the requested relief in Recorder's Court, the surety may appeal to this Court. *People v Glumb,* 42 Mich App 166; 201 NW2d 282 (1972).

In all cases, the surety must seek relief initially from the Recorder's Court judge who ordered the initial bond forfeiture. RCR 16.4 provides:

"Each regular judge of this court shall be responsible for the progress and ultimate disposition of the cases and proceedings on his docket of assigned cases. He shall hear and determine all motions and preliminary matters, and shall conduct the pre-trials, the trials and all post-conviction proceedings in such cases assigned to him."

While it is possible for a judge to reassign a matter to another judge, according to RCR 16.11, the order of reassignment must be signed by both judges. We find no allegations that such orders were employed.

Without these orders, it would be entirely improper for one Recorder's Court judge to entertain a petition to reinstate a recognizance bond which was ordered forfeited by another judge of co-equal power. MCLA 726.2; MSA 27.3552 provides that in Recorder's Court:

"No judge of said court shall review or revise any order, judgment, sentence or act of any other judge of said court, involving the personal discretion, judgment or opinion of such other judge."

If the judges who originally ordered the forfeiture of bonds, or the successors of those judges, are active members of Recorder's Court, no other judges may vacate or overrule those orders without a formal reassignment of the cause. See *People v Paille #1,* 383 Mich 605; 178 NW2d 469 (1970). Judges of co-equal authority lack jurisdiction to set aside the orders of bond forfeiture issued by their fellow judges. See *Wilson v Romeos,* 387 Mich 664, 678; 199 NW2d 208 (1972). In short, the only proper method by which defendant Goldfarb could seek review of judgments forfeiting the bonds was to petition the original trial judge for relief or to seek review by this Court. See, also, *In The Matter of Del Rio,* 400 Mich 665; 256 NW2d 727 (1977).

## II.

In addition to the requirement that the petition for remittance of a forfeited bond be filed before the judge who ordered the forfeiture, a court rule mandates that the prosecutor's office receive notice of the petition. GCR 1963, 772.4 provides:

"No application for the remission of penalties may be heard until reasonable notice has been given to the prosecuting attorney, and until he has had an opportunity to examine the matter and prepare to resist such application; nor shall such application in any case be granted without payment of the costs and expenses incurred in the proceedings for the collection of such penalty."[3]

The specific requirement of GCR 1963, 772.4 concerning the remittance of forfeited bonds comports with the general notice requirements for

[3] The term "penalty" includes forfeited recognizances. *See* GCR 1963, 772.2; MCLA 600.4801; MSA 27A.4801.

motions under GCR 1963, 110.2 and GCR 1963, 108.4. Orders for the remittance of forfeited bonds which are based on petitions filed without proper notice to the prosecutor's office are void.

Because of the unsettled nature of the facts in these 10 causes and the possible existence of similar cases, this Court reserves judgment on the propriety of the orders from which the Wayne County Prosecutor seeks relief. In the framework of the above statement of the law, these causes are remanded to Recorder's Court for hearings before a completely independent circuit judge on the merits of the individual cases. See GCR 1963, 710.7(3). The Recorder's Court administrator is directed to appoint a suitable substitute judge, not a member of the Recorder's Court or Wayne County benches, to conduct appropriate hearings. The appointed circuit judge shall hear these causes as well as any additional actions which involve allegedly improper remittances of forfeited recognizance bonds by Recorder's Court judges. He shall determine in each case if the order of Judges Del Rio or Laster remitting bond was valid under the principles we have stated. In the event an order is declared void, the surety may seek remittance anew, utilizing the proper procedure.

We retain no further jurisdiction.