884 F.2d 1392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Samuel GARDNER, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 88-1764.
 United States Court of Appeals, Sixth Circuit.
 Sept. 19, 1989.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and HENRY R. WILHOIT, District Judge.*
 PER CURIAM.
 
 
 1
 Samuel Gardner appeals from a Tax Court decision affirming the determination of a deficiency in his 1977 federal income tax return. The Commissioner found that Mr. Gardner had taken deductions with respect to a partnership of which he was no longer a partner and had failed to report income the receipt of which was evidenced by certain bank deposits. We are not persuaded that either of the disputed findings is clearly erroneous, and we shall affirm the Tax Court's decision.
 
 
 2
 In December of 1973 Mr. Gardner became a limited partner in Boulevard East Apartments. He contributed $12,500 to the capital of the partnership and executed a promissory note in a like amount. The note was to be paid in three equal installments due on December 1 of 1974, 1975, and 1976. Section 4.10 of the partnership agreement provided for forfeiture of Mr. Gardner's partnership interest in the event of a default in any installment payment.
 
 
 3
 Mr. Gardner did not make all of the installment payments required by the promissory note. On January 1, 1977, as the Tax Court found, General Partner William Williams decided to forfeit Gardner's partnership interest. No documents were executed to memorialize this decision, but the partnership's 1977 and 1978 tax returns did not list Gardner as a partner, and Gardner did not receive K-1 Forms for those years. Partnership losses were not apportioned to Mr. Gardner after 1976.
 
 
 4
 In December of 1978 one of Mr. Gardner's attorneys sent the partnership's accountant a letter asserting that Mr. Gardner was not in default "in any respect ..., including the payment of any limited partner capital contributions." Execution of the promissory note in December of 1973 was claimed to have constituted payment in full. The attorney threatened to--and subsequently did--hire an accountant to prepare "corrected" partnership returns purporting to show that Mr. Gardner continued to be a partner and shared in the partnership's losses for the 1977 and 1978 tax years to the extent of $20,507 and $2,032, respectively. Mr. Gardner filed these "corrected" returns despite Sec. 13.3 of the partnership agreement, which assigned that task to the general partner.
 
 
 5
 The Commissioner determined that Mr. Gardner was not a partner after 1976 and could not deduct any partnership losses after that time. The Commissioner further determined that the forfeiture relieved Mr. Gardner of his liability with respect to certain mortgage indebtedness of the partnership. Because this relief from indebtedness exceeded Mr. Gardner's adjusted basis in the partnership, he was charged with recognition of a capital gain.
 
 
 6
 The Commissioner also examined Mr. Gardner's bank account and determined that he had made several deposits that could not be explained by his previously reported taxable income and could not be traced to nontaxable sources. Mr. Gardner asserted that he had $7,000 cash on hand at the beginning of 1977, that he received a personal loan of $5,000 from a private individual, and that he cashed a tax refund check at an undisclosed location and deposited the funds into his account over time. He supplied no documentary evidence supporting these assertions.
 
 
 7
 After a three-day trial before the Tax Court, that court filed a memorandum opinion largely affirming the Commissioner's deficiency determination. Mr. Gardner filed a timely notice of appeal to this court. We have jurisdiction pursuant to Sec. 7482 of the Internal Revenue Code, 26 U.S.C. Sec. 7482.
 
 
 8
 Mr. Gardner's first argument is that Sec. 4.10 of the partnership agreement could not properly have been invoked by the general partner because Gardner's obligation to make installment payments had been excused by non-performance of the general partner's own contractual obligations. Mr. Gardner asserts that the general partner violated the partnership agreement by failing to manage the project in a manner satisfactory to the mortgagee and by failing to make timely mortgage payments. As long as these defalcations continued, Mr. Gardner contends, he was excused from making any payments on his note.
 
 
 9
 But whether the forfeiture was wrongful or not, the forfeiture did occur. If Mr. Gardner was aggrieved by an act of the general partner that was "illegal, fraudulent, or willfully unfair and oppressive to the partnership," he had a right to seek relief in a state circuit court. Mich.Comp.Laws Sec. 449.1802. If it was within the state court's power to order Mr. Gardner's reinstatement as a partner nunc pro tunc, that power was never exercised. Right or wrong, the forfeiture remains a fact--and whether or not Mr. Gardner has a claim against the general partner for damages, the forfeiture ended Mr. Gardner's participation in the partnership as far as the Internal Revenue Service was concerned.
 
 
 10
 Mr. Gardner goes on to argue that even if the forfeiture were not ineffective because of the asserted breach of the general partner's obligations, the forfeiture was void under Michigan law because there was no prior notice to the limited partners. The only case cited in support of this argument is People v. Larsen, 81 Mich.App. 317, 265 N.W.2d 134 (1978). That case did not deal with partnership law, however; it held that the prosecutor's office had to be notified of a petition to remit a forfeited bond in a criminal case. Nothing in Michigan's Limited Partnership Act requires prior notice.
 
 
 11
 Section 4.10 of the amended agreement and certificate of limited partnership, which Mr. Gardner signed, gave the general partner power of attorney for forfeiture of any limited partner's interest if the limited partner defaulted in the payment of any required installment. The agreement did not purport to require notice prior to forfeiture. The Tax Court's finding there was an effective forfeiture on January 1, 1977, is not clearly erroneous.
 
 
 12
 Finally, Mr. Gardner charges that the Tax Court erred in finding that his bank statements evidenced unreported income. He submitted documentation explaining the source of some of the bank deposits in question, but the amount of his unreported income, as determined by the Commissioner, did not exceed the amount of the deposits that remained undocumented. The Tax Court did not credit Mr. Gardner's self-serving and wholly unsupported testimony about the source of these "unexplained" deposits. The court was well within its power in declining to believe the testimony. See Davis v. Commissioner of Internal Revenue, 866 F.2d 852, 859 (6th Cir.1989).
 
 
 13
 The decision of the Tax Court is AFFIRMED.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., United States District Judgge for the Eastern District of Kentucky, sitting by designation