# STATE OF MICHIGAN

# COURT OF APPEALS

ERIC JOSEPH MARTIN,

      Petitioner-Appellant,

v

MARQUETTE BRANCH PRISON WARDEN,

      Respondent-Appellee.

UNPUBLISHED
April 21, 2015

No.  319553
Marquette Circuit Court
LC No.  13-051955-AH

Before:  METER, P.J., and SAWYER and BOONSTRA, JJ..

PER CURIAM.

Petitioner appeals as of right the circuit court's order denying his complaint for a writ of habeas corpus.  We affirm.

In 2004, a jury convicted petitioner, Eric Joseph Martin, of perjury occurring during a court proceeding, MCL 750.422, for which he was sentenced to a prison term of 29 months to 15 years.  In a prior appeal, this Court affirmed petitioner's conviction.  *People v Martin*, unpublished opinion per curiam of the Court of Appeals, issued June 14, 2005 (Docket No. 255869), lv den 474 Mich 1024 (2006).  Petitioner thereafter filed a motion for relief from judgment.  The trial court denied the motion, and this Court denied petitioner's delayed application for leave to appeal the circuit court's decision.  *People v Martin*, unpublished order of the Court of Appeals, entered June 15, 2007 (Docket No. 276403), lv den 480 Mich 952 (2007).

Several years later, petitioner filed a complaint for a writ of habeas corpus in the Marquette Circuit Court.  In his handwritten complaint, petitioner asserted "that a corporate fiction, being ERIC JOSEPH MARTIN, with a name similar to plaintiff Eric Joseph Martin, a real man [and] living breathing soul, has been convicted of perjury . . . but the plaintiff, the real man [and] non-corporate fiction is being held as surety for it."  Petitioner argued that his imprisonment was unlawful because only a real person could commit perjury and "[a] corporate fiction person is not a real[,] living, breathing man."  The circuit court rejected petitioner's claim, finding that it lacked legal merit.

Petitioner then filed a claim of appeal in this Court and also filed a complaint for a writ of habeas corpus in this Court, raising the same claim that was raised in the circuit court.  This Court denied the complaint for a habeas writ.  *Martin v Marquette Branch Prison Warden*,

unpublished order of the Court of Appeals, entered August 18, 2014 (Docket No. 319554). We now address petitioner's identical claim in this appeal.

Petitioner's claim presents a legal issue; we review issues of law de novo. *People v Blackmon*, 280 Mich App 253, 259; 761 NW2d 172 (2008). Petitioner's argument is very brief. He maintains that the conviction of perjury against Eric Joseph Martin was somehow entered against a corporate entity bearing his name. Because the corporate entity was allegedly convicted rather than the person, petitioner argues that his imprisonment is improper and a violation of his right to due process. Petitioner does not develop his argument. He does not explain how a corporation came to have his name, how it came to be on trial for perjury, or how, although the corporation was convicted, he was substituted for the corporation and sentenced to prison.

In addition, petitioner has not submitted any factual support for his claim that the 2004 perjury conviction was entered against a corporate entity bearing his name. The appeal from the 2004 conviction was filed on behalf of petitioner, not a corporation. Petitioner did not claim, in either his direct appeal or his appeal from the denial of his motion for relief from judgment, that he had been wrongly imprisoned following the conviction of a similarly named corporation. Neither this Court's decision affirming petitioner's conviction nor this Court's order denying his delayed application for leave to appeal the denial of his motion for relief from judgment indicates that the convicted party was a corporation.

This Court's decision in petitioner's direct appeal from his perjury conviction clearly indicates that it was dealing with the conviction of a "living, breathing" person and not a corporation. Indeed, one of the issues raised on appeal by petitioner concerned the trial court's decision to shackle and gag him during trial. A corporation would not be physically present during a trial and could not be shackled or gagged. Also, in his application from the denial of his motion for relief from judgment, petitioner raised a number of issues that clearly could only apply to a real person. Thus, it is clear that petitioner, and not a similarly named corporation, was tried before a jury and convicted of perjury.

Petitioner provides two citations in support of his legal argument, but he fails to discuss the citations or explain how they support his position. "It is not enough for an appellant in his brief to simply announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). Regardless, the cited authority does not support petitioner's argument.

Petitioner cites MCL 450.1108(2), a provision of the Business Corporation Act. This statute provides:

> "Person" *means an individual*, a partnership, a domestic or foreign corporation, a limited liability company, or any other association, corporation, trust, or legal entity. [Emphasis supplied.]

This definition does not, by its terms, relate to a corporation's liability for criminal acts. Instead, it provides a definition for use with respect to the Business Corporation Act. Moreover, the definition in subsection (2) provides that a "'[p]erson' means an individual . . . ." Thus, by its terms, the definition does not indicate that a "person" is *only* a corporation. A "person" can be an individual, and petitioner is an individual, so this statutory provision, even if applicable, would support, rather than preclude, petitioner's conviction in a criminal trial for perjury occurring during a court proceeding.

Petitioner also cites *People v Pavlak*, 99 Mich App 190; 297 NW2d 878 (1980), declined to follow by *People v Munley*, 175 Mich App 399; 438 NW2d 292 (1989), and *People v Kosciuszko*, 434 Mich 314; 454 NW2d 105 (1989), but again fails to explain how this case supports his position. The *Pavlak* case concerned the right of a corporate surety to reimbursement of a bond it provided to a criminal defendant. The bond was initially forfeited when the defendant failed to appear for sentencing. *Pavlak*, 99 Mich App at 191. The surety paid the bond to the court, but the defendant was rearrested the same day the bond was paid, and the surety moved to have the forfeiture set aside and the bond returned. *Id*. at 191-192. Ultimately, the circuit court refused to return the bond, claiming that, based on a previous Court of Appeals decision, it had no authority to remit a forfeited bond to a corporate surety. *Id*. at 192. This Court disagreed, found the prior decision unpersuasive, and held that a corporate surety should be treated the same as a principal. *Id*. at 194-196. In the course of its discussion, this Court stated:

> A corporation is a "person" within the meaning of the equal protection clause. *Grosjean v American Press Co, Inc*, 297 US 233; 56 S Ct 444; 80 L Ed 660 (1936), *Louis K Liggett Co v Lee*, 288 US 517; 53 S Ct 481; 77 L Ed 929 (1933). If both the principal and the surety are "persons" within the meaning of the equal protection clause, and, by virtue of ordinary suretyship law must be "similarly situated", it then becomes an inescapable conclusion that a rule which treats the principal and surety differently offends the equal protection clause. [*Pavlak*, 99 Mich App at 196.]

Presumably, it is this language upon which petitioner relies. However, it does not support his argument, because the legal proposition that a corporation is treated as a "person" under the law does not establish that in this case a corporation, rather than petitioner, was convicted of perjury following a trial in the circuit court. Therefore, neither of the legal citations provided by petitioner support his argument.

Because petitioner's argument that a "legal fiction corporate entity" was convicted of perjury and that he, "a real, living[,] breathing human being," is being illegally held as a surety for that corporate entity, is devoid of both factual and legal support, we affirm the circuit court's order denying petitioner's complaint for a writ of habeas corpus.

-3-

Affirmed.

/s/ Patrick M. Meter
/s/ David H. Sawyer
/s/ Mark T. Boonstra